UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SMITH CRAIG,

        Petitioner,

v.                                            CASE NO. 04-CV-74522-DT
                                                  HONORABLE NANCY G. EDMUNDS

HAROLD WHITE,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING HABEAS CORPUS PETITION

### I.  Introduction

Petitioner David Smith Craig has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254.  The habeas petition attacks Petitioner's state convictions for assault with intent to commit criminal sexual conduct, attempted larceny from a person, and fleeing and eluding a police officer.

Also pending before the Court is Respondent's motion to dismiss the habeas petition. Respondent urges the Court to dismiss the petition either without prejudice for failure to exhaust state remedies or with prejudice for failure to comply with the statute of limitations.  Petitioner replies that he is actually innocent of being a habitual offender and, therefore, he is not required to exhaust state remedies and that the Court should equitably toll the statute of limitations.

The Court agrees with Respondent that the habeas petition is barred from substantive review by the statute of limitations.  Thus, there is no point in Petitioner returning to state court to exhaust state remedies for his claims.  The habeas petition will be dismissed with prejudice for the reasons given below.

## II.  Background

On July 10, 1998, Petitioner pleaded no contest in Jackson County Circuit Court to assault with intent to commit criminal sexual conduct in the second degree, MICH. COMP. LAWS § 750.520g(2), attempted larceny from a person, MICH. COMP. LAWS § 750.92, and third-degree fleeing and eluding a police officer, MICH. COMP. LAWS § 750.479a(3).  He also pleaded guilty to being a habitual offender.  On August 12, 1998, the trial court sentenced Petitioner as a fourth habitual offender to three concurrent terms of eight to twenty years in prison.  Petitioner moved for resentencing, but on August 6, 1999, the trial court denied his motion.

In an appeal to the Michigan Court of Appeals, Petitioner argued that his sentence was disproportionate and excessive punishment under the Eighth Amendment to the United States Constitution.  The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented.  *People v. Smith*, No. 221530 (Mich. Ct. App. Sept. 29, 1999).  Petitioner did not appeal to the Michigan Supreme Court, and the deadline for doing so expired fifty-six days later on November 24, 1999.  *See* Mich. Ct. R. 7.302(C)(2).

Petitioner signed and dated his habeas petition on November 11, 2004.  The grounds for relief and supporting facts read:

> 1. Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
>
>    The prosecution was aware that using the 1995 [conviction for driving while license suspended] was a misdemeanor and should not have been used to enhance me as a fourth-degree habitual offender.
>
> 2. Denial of effective assistance of counsel.
>
>    The coun[s]el that represented me in my preliminary hearing[,]

>   arraignment[,] plea[ ,] and sentencing failed to inform me that
>   using the 1995 [conviction for driving while license suspended]
>   should not have been used to enhance me as a 4th degree habitual
>   offender.

### III.  Discussion

### A.  The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which was enacted on April 24, 1996, established a one-year period of limitations for habeas petitions filed by state prisoners.  *See* 28 U.S.C. § 2244(d).  The one-year limitations period runs from the latest of

>   **(A)** the date on which the judgment became final by the conclusion of
>   direct review or the expiration of the time for seeking such review;
>
>   **(B)** the date on which the impediment to filing an application created by
>   State action in violation of the Constitution or laws of the United States is
>   removed, if the applicant was prevented from filing by such State action;
>
>   **(C)** the date on which the constitutional right asserted was initially
>   recognized by the Supreme Court, if the right has been newly recognized by the
>   Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   **(D)** the date on which the factual predicate of the claim or claims
>   presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner is not alleging that there was an impediment to filing his habeas petition, and he is not asserting a new and retroactive constitutional right.  He does claim to have recently learned that the prosecutor used a 1995 misdemeanor conviction to enhance his sentence. However, the factual predicate of this claim could have been discovered through the exercise of due diligence before Petitioner was sentenced in this case.  His pre-sentence investigation report listed his prior convictions, and the prior convictions used to enhance his sentence were recited

two times at the plea proceeding. (Tr. July 10, 1998, at 6-7, 14-15.) Thus, the date from which the period of limitations began to run was the date when Petitioner's convictions became final.

A conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) when direct review comes to an end or the time expires for seeking such review. Petitioner's direct review came to an end on November 24, 1999, when the fifty-six-day deadline expired for appealing his convictions in the Michigan Supreme Court. *Erwin v. Elo*, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001) (Tarnow, J.).

Petitioner had one year from November 24, 1999, or until November 24, 2000, to file his habeas corpus petition. He did not file his habeas petition until almost four years later on November 11, 2004. Consequently, the habeas petition is time-barred unless the limitations period was tolled.

## B. Equitable Tolling

The habeas statute of limitations is not jurisdictional, *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003), but a litigant who seeks equitable tolling generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, __ U.S. __, __, 125 S. Ct. 1807, 1814 (2005). The Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations," *id*., 125 S. Ct. at 1814 n.8, but the United States Court of Appeals for the Sixth Circuit has concluded "that equitable tolling does apply to the one-year limitation period applicable to habeas petitions." *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001). Equitable tolling is appropriate only "after a court has properly considered and balanced the factors set out in *Andrews v. Orr,* [851 F.2d 146 (6th

Cir. 1988)] unless there is congressional authority to the contrary." *Dunlap*, 250 F.3d at 1009.

> In applying this test, [the Sixth Circuit] look[s] to the following five factors: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) [the] petitioner's reasonableness in remaining ignorant of the legal requirement for filing the claim. *Id*. at 1008. These factors are not necessarily comprehensive and they are not all relevant in all cases. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis. *Id*.

*Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

### 1.  Ignorance of the Law and Counsel's Advice

Absence of prejudice is not an independent basis for invoking the doctrine of equitable tolling, *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984), and Petitioner has not asserted that he lacked notice or constructive knowledge of the filing requirement. Nor has he shown that he was diligent in pursuing his claims or that his ignorance of the filing requirement was reasonable.

He does allege that he is unlearned in the law and that his attorney advised him that there were no other issues to be presented to a higher court. However, "ignorance of the law alone is not sufficient to warrant equitable tolling," *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991), even for an incarcerated *pro se* petitioner, *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). And "a petitioner's reliance on the unreasonable and incorrect advice of his or her attorney is not a ground for equitable tolling." *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir.) (citing *Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003)), *cert. denied*, __ U.S. __, 125 S. Ct. 200 (2004).

### 2.  Actual Innocence

Petitioner urges the Court to equitably toll the limitations period on the ground that he is actually innocent of being a fourth habitual offender. He contends that the prosecutor improperly used a misdemeanor conviction as a basis for charging him with being a fourth habitual offender. He also alleges that he was never served with notice of the habitual offender charge and that he remained free of criminal acts for ten years.

"[C]onstitutional concerns counsel in favor of upholding equitable tolling based on a credible claim of actual innocence." *Souter v. Jones*, 395 F.3d 577, 601 (6th Cir. 2005). This exception to the rule applies only in the extraordinary case in which the habeas petitioner can present new evidence which undermines the Court's confidence in the outcome of the case. *Id.* at 600.

Petitioner does not allege that he is actually innocent of the underlying convictions. He merely alleges that he should not have been sentenced as a fourth habitual offender. Moreover, his contention that the prosecutor used a misdemeanor driving offense to enhance his sentence has no basis in fact. The prosecutor used several felony convictions as a basis for the enhanced sentence. (Tr. July 10, 1998, at 6-7, 14-15.) The Court concludes that Petitioner has not made a colorable showing of actual innocence.

### IV.  Conclusion

More than one year expired between the date that Petitioner's convictions became final and the date on which Petitioner filed his habeas corpus petition. Furthermore, Petitioner has not provided the Court with an adequate basis for equitably tolling the limitations period. Consequently, Petitioner's pleading is time-barred. Respondent's motion to dismiss [Doc. #12] is **GRANTED**, and  the petition for a writ of habeas corpus [Doc. #1] is **DISMISSED** with

prejudice.


                                s/Nancy G. Edmunds
                                Nancy G. Edmunds
                                United States District Judge

Dated:  June 2, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 2, 2005, by electronic and/or ordinary mail.

                                s/Carol A. Hemeyer
                                Case Manager