UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SMITH CRAIG,

        Petitioner,

v.                                          CASE NO. 04-CV-74522-DT
                                          HONORABLE NANCY G. EDMUNDS

HAROLD WHITE,

        Respondent.
_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

Petitioner David Smith Craig has appealed the Court's dismissal of his application for the writ of habeas corpus under 28 U.S.C. § 2254. The Court must treat Petitioner's notice of appeal as an application for a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability]." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . .  When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack*, 529 U.S. at 484.

The habeas petition attacks Petitioner's state convictions for assault with intent to commit criminal sexual conduct, attempted larceny from a person, and fleeing and eluding a police officer. The grounds for relief allege that (1) the prosecution failed to disclose evidence favorable to the petitioner and (2) trial counsel was ineffective. The Court did not assess the merits of these claims in its dispositive order. Instead, the Court determined that the habeas petition was barred from substantive review by the one-year statute of limitations.

Reasonable jurists would not debate whether the Court was correct in its procedural ruling and whether the petition states a valid claim of the denial of a constitutional right. Accordingly, the Court DECLINES to issue a certificate of appealability.


        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: July 18, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 18, 2005, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager